UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TANAYIAH HOWELL, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br> Defendant. | Case No. 19-13518 <br><br> Honorable Victoria A. Roberts |

**CONSOLIDATED WITH:**

| | |
|---|---|
| TANAYIAH HOWELL, <br><br> Plaintiff, <br><br> v. <br><br> GREYHOUND LINES, INC. and GERALD SNYPE, <br><br> Defendant(s). | Case No. 20-11604 <br><br> Honorable Victoria A. Roberts |

**ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS AS TO TANAYIAH HOWELL [ECF Nos. 48 and 20]**

## I.   INTRODUCTION

Defendants in the above-captioned cases – National Union Fire

Insurance Company of Pittsburgh, PA, Greyhound Lines, Inc., and Gerald

Snype ("Defendants") – move to dismiss as to Tanayiah Howell pursuant to Fed. R. Civ. P. 37 and 41 and the inherent powers of the Court. [ECF No. 48 in Case No. 19-13518; ECF No. 20 in Case No. 20-11604].

For the reasons below, the Court **GRANTS** Defendants' motions and **DISMISSES** Howell's claims **WITH PREJUDICE**.

## II.  BACKGROUND

The above-captioned cases – consolidated for discovery – involve automobile negligence and personal injury protection benefits claims in which Howell alleges personal injury arising from a bus accident on October 16, 2018.

Throughout this litigation, Howell and her attorney have repeatedly failed to comply with Court orders and the Federal Rules of Civil Procedure. Howell's most recent conduct related to her deposition caused Defendants to file the underlying motion.

During a telephone status conference on September 15, 2020, the Court granted Howell's request to attend her September 18, 2020 deposition via Zoom – over Defendants' objections. The Court addressed some of Defendants' concerns regarding the use of Zoom for Howell's deposition both orally during the phone conference and in a subsequent order. The Court ordered that Howell's counsel must make certain that

Howell has appropriate computer equipment and computer connections to participate in her deposition via Zoom – and must test all equipment with Howell before the deposition to ensure the deposition would occur without problems.

Howell and her counsel failed to come anywhere near complying with these requirements. The video deposition was repeatedly interrupted due to technical issues with wi-fi and equipment, and it ended with Howell sitting in a stairwell and then in a car using a tablet that ran out of power.

The parties agreed to reconvene on November 5, 2020, with Howell present at U.S. Legal but in a separate quarantined room by herself. On this date, Howell again failed to bring any of the documents that were the subject of her deposition notice – offering the excuse that she had not been able to get them because she had been at the hospital for the previous three days with her ailing son. Defense counsel offered to adjourn the deposition, but Howell declined stating that her mother was at the hospital with her son.

When defense counsel asked her to confirm the identity of her ill child's father and her relationship with him during the time of the accident underlying her claims, Howell responded "Yeah, can we just do this another time? I don't want this shit." She then left the room and the building –

3

approximately 21 minutes after the deposition started. Assuming that Howell left to return to her son's hospital bedside, counsel agreed to reconvene the deposition within three weeks.

Notably, however, Howell's son was not in the hospital; that was a blatant lie under oath.

Investigators retained by Defendants took photographs of Howell leaving the U.S. Legal building on November 5, 2020 at the same time she stormed out of her deposition. Per the photographs and the investigators' report, Howell left the deposition and returned to her car – where her son and daughter were waiting for her along with Howell's alleged caregiver. Howell then drove her kids and purported caregiver – who allegedly cares for Howell 12 hours per day – to a gas station and then home.

Despite the agreement to reconvene Howell's deposition within three weeks of November 5, 2020, Howell's counsel has not provided any dates on which to reconvene her deposition.

Defendants filed the underlying motion to dismiss on January 8, 2021. The time for Howell to oppose the motion has passed, and Howell has not filed a response.

Moreover, Howell's counsel failed to attend a show cause hearing via video conference on January 29, 2021.

4

**III.   ANALYSIS**

Defendants move the Court to rely upon either its inherent powers or Federal Rules of Civil Procedure 37(b)(2)(A) or 41(b) to dismiss this case for Howell and her attorney's contumacious conduct.

The Court has the authority to impose sanctions – up to and including dismissal – under its inherent power:

> A district court may impose sanctions pursuant to its inherent authority to control the litigants before it and to guarantee the integrity of the court and its proceedings. Courts may exercise their inherent authority to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or who has engaged in conduct that was tantamount to bad faith.

*Ndoye v. Major Performance LLC*, No. 15-380, 2017 WL 822110, at *10-11, *14 (S.D. Ohio Mar. 1, 2017) (dismissing plaintiff's claims with prejudice under its inherent power upon finding that her persistent lies throughout the proceedings and misconduct had "egregiously subverted the integrity of the judicial process" such that "no sanction short of dismissal would adequately serve the goals of punishment and deterrence") (internal citations and quotation marks omitted).

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), the Court also has the power to dismiss an action – among other possible sanctions – if a party fails to comply with a discovery order. Similarly, Fed. R. Civ. P. 41(b) provides the Court authority "to dismiss an action for failure of a plaintiff to prosecute the

5

claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008).

However, "dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id.* (citation omitted). The Court must consider the following four factors in deciding whether to dismiss a party's lawsuit as a sanction:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 737 (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citation omitted).

### A. The First Two Factors: Willfulness, Bad Faith, or Fault and Prejudice to Defendants

The first two factors weigh significantly in favor of dismissal. "To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the

6

effect of [her] conduct on those proceedings.'" *Schafer*, 529 F.3d at 737. Howell has been "stubbornly disobedient and willfully contemptuous." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Her deliberate falsehoods and willful disregard of Court orders have not only thwarted proceedings, they have "subverted the integrity of the judicial process." *See Ndoye*, 2017 WL 822110, at *11.

As to the second factor, Howell's misconduct has prejudiced Defendants. Prejudice is shown when the opposing party is not only "unable to secure the information requested, but . . . was also required to waste time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide." *See Harmon*, 110 F.3d at 368. Howell has cost Defendants money, wasted their time, and prevented them from securing the information they need – and are entitled to obtain – in defense of her claims.

**B. Factor Three: Prior Warning of Possible Dismissal**

"[W]ith regard to the third factor, the [Sixth Circuit] . . . explained that where a plaintiff has not been given notice that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'" *Harmon*, 110 F.3d at 367. While the Court has not warned Howell that her misconduct

7

could lead to dismissal, Howell has unquestionably engaged in bad faith and contumacious conduct. Additionally, there can be no argument that Howell was recently put on notice that the Court was contemplating the dismissal of her complaint since Defendants filed a motion to dismiss nearly one month ago. *See Harmon*, 110 F.3d at 368. Nevertheless, since that filing, Howell has continued her contumacious conduct; she failed to respond to the motion, failed to contact Defendants to schedule the continuation of her deposition, and failed to appear at the January 29 show cause hearing.

Moreover, even if Howell was not warned that dismissal is a possibility, this factor is less relevant "where the conduct at issue is not merely contestable, but in contravention of basic notions of fairness. . . . A party does not need formal notice to know that . . . misrepresentations may lead to dismissal." *Fharmacy Records v. Nassar*, 248 F.R.D. 507, 530 (E.D. Mich. 2008). Thus, even if this factor does not weigh in favor of dismissal, it is not dispositive against dismissal. *See id.*

### C. Factor Four: Lesser Sanctions

The Court has considered less drastic sanctions but finds that no sanction less than dismissal would adequately punish Howell's egregious misconduct and deliberate misrepresentations. The failure to impose less

drastic sanctions before dismissal is not fatal. Harmon, 110 F.3d at 368 ("We have never held that a district court is without power to dismiss a complaint, as the first and only sanction….").

"The importance of accurate and truthful discovery to the civil justice system cannot be overstated." *Ndoye*, 2017 WL 822110, at *14 (citation omitted). Howell's deliberate falsehoods and repeated failure to comply with Court orders and the Federal Rules of Civil Procedure have thwarted these proceedings and undermined the integrity of the judicial process. Given the seriousness of Howell's misconduct, dismissal is appropriate and necessary. No sanction short of dismissal would adequately serve the goals of punishment and deterrence and adequately protect the integrity of the pretrial process. *See id.*; *Schafer*, 529 F.3d at 738.

## IV. CONCLUSION

The Court **GRANTS** Defendants' motions to dismiss and **DISMISSES** these cases as to Howell **WITH PREJUDICE**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 2, 2021

9