UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUE SCAN LLC d/b/a SCAN TRUE,
LLC, As Assignee of TANAYIAH
HOWELL, ONE PRO THERAPY, LLC,

        Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

        Defendant.
_____/

Case No. 19-13518
Honorable Victoria A. Roberts

**ORDER GRANTING NATIONAL UNION'S MOTION TO
DISMISS ONE PRO THERAPY, LLC [ECF No. 53]**

**I.   INTRODUCTION**

On January 20, 2021, National Union Fire Insurance ("National Union") filed a motion to dismiss One Pro Therapy, LLC ("One Pro") for discovery abuses. In the alternative, National Union asks the Court to compel the depositions of Roohi Ali ("Ali"), a therapist at One Pro, and Bwana Brown ("Brown"), the owner of One Pro. The Court already dismissed the claims of Tanayiah Howell ("Howell") with prejudice, for discovery abuses [ECF No. 54].

This case involves automobile negligence and personal injury arising from a bus accident on October 16, 2018. One Pro seeks reimbursement of $14,500.00 for physical therapy treatment it allegedly provided to Howell.

For the reasons below, the Court **GRANTS** National Union's motion and **DISMISSES** One Pro's claims **WITH PREJUDICE**.

## II.     BACKGROUND

On October 16, 2018, Howell was a passenger on a Greyhound bus that went off the road when the bus driver had a sudden medical emergency. The bus did not hit anything. Howell went to the emergency room at Sinai Grace Hospital on the following day with complaints of pain. Her x-rays were normal. The hospital sent Howell home that same day with Ibuprofen.

Howell did not seek additional treatment until three weeks later when she was seen at the office of Spine and Health, PLLC, William Gonte (Dr. Gonte has since been indicted for insurance fraud; he is accused of creating false medical records for personal gain). Dr. Gonte sent Howell to One Pro. Its therapist Ali saw her the same day. At the time, Ali was waiting to be sentenced on a health care fraud conviction. Brown owned One Pro.

## III. ANALYSIS

National Union asks the Court to Dismiss One Pro's lawsuit because it: (1) failed without adequate excuse to obey a subpoena or an order related to it; (2) failed to prosecute or comply with discovery rules or a court order; and (3) failed to appear for a duly noticed deposition. National Union relies upon Fed. R. Civ. P. 41(b) which states: "[i]f plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action…". It also relies upon Fed. R. Civ. P. 37(d). It states that when a party's officer, director or managing agent fails to appear for a duly noticed deposition, the court may impose sanctions up to and including dismissal of the action. *See* Fed. R. Civ. P. 37(d).

The Court has the authority to impose the requested sanction under its inherent power to control the litigants before it and to guarantee the integrity of the court and its proceedings. Courts may exercise their inherent authority to sanction a party who acts in bad faith, vexatiously, wantonly, or for oppressive reasons, or who engages in conduct tantamount to bad faith. *Ndoye v. Major Performance LLC*, No. 15-380, 2017 WL 822110, at *10-14 (S.D. Ohio Mar. 1, 2017) (dismissing plaintiff's claims with prejudice under its inherent power upon finding that her persistent lies throughout the proceedings and misconduct had

3

"egregiously subverted the integrity of the judicial process" such that "no sanction short of dismissal would adequately serve the goals of punishment and deterrence") (internal citations and quotation marks omitted).

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), the court also has the power to dismiss an action – among other possible sanctions – if a party fails to comply with a discovery order. Similarly, Fed. R. Civ. P. 41(b) gives the court authority "to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). However, "dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id*. (citation omitted).

This Court must consider four factors in deciding whether to dismiss a party's lawsuit as a sanction: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id*. at 737 (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)). "Although typically none of the factors is outcome dispositive, . . . a

case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id*. (citation omitted).

### A. First Factor: Willfulness, Bad Faith, or Fault

This factor weighs significantly in favor of dismissal.

"To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [its] conduct on those proceedings.'" *Schafer*, 529 F.3d at 737. One Pro has been "stubbornly disobedient..." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Its willful disregard of Court orders has not only thwarted proceedings, it has "subverted the integrity of the judicial process." *See Ndoye*, 2017 WL 822110, at *11.

#### 1. One Pro Ignored Court Orders

Several court orders went unheeded. On October 16, 2020, the Court directed that all plaintiffs confer with defense counsel to resolve discovery issues (Exhibit 10, Emails to the parties from Judge Roberts 10-14 and 10-16-20). One Pro completely ignored the Court's request. On November 18, 2020 the matter was again brought to the attention of One Pro and the Court (Exhibit 11, Email from defense counsel to Case Manager Vertriest and counsel 11-18-20). Finally, on December 21, 2020, defense counsel

5

sent a proposed Stipulation and Order to Compel the Depositions of Brown and Ali; One Pro ignored it.

### 2. Attempts to Depose Ali

National Union first sought the deposition of Ali on April 24, 2020, when it sent a deposition notice for June 23, 2020. Just prior to Ali's scheduled deposition, counsel for One Pro said that Ali was no longer working for One Pro and she would not produce Ali for deposition, even though Ali was the critical witness required to establish Howell's prima facie case. She provided the address for Ali on June 24, 2020 and defense counsel subpoenaed Ali the next day for a deposition scheduled for July 27, 2020. Ali's personal counsel intervened, and defense counsel was unable to take Ali's deposition before she entered prison on September 15, 2020 for health care fraud. Ali is now in prison for fraudulently billing for physical therapy that was either not provided or was unnecessary.

### 3. Attempts to Depose Brown

In April of 2020, defense counsel scheduled Brown's deposition for June 26th. On June 25th, defense counsel called to confirm that the deposition would occur. One Pro's counsel said it would not proceed as noticed and she would provide new dates. She never did. National Union re-noticed the deposition to take place on August 19, 2020 and indicated

6

that it would seek court intervention if One Pro did not produce Brown. Counsel for One Pro called the deposition off again. She never provided additional dates. The matter was brought to the Court's attention; the parties were directed to meet and resolve discovery issues. That did not happen.

Counsel now says the deposition of Brown is not relevant because as owner he has no information about Howell's treatment. However, One Pro had a duty to motion the court for a protective order if there was disagreement about the relevancy of Brown's deposition. *See* FRCP 26. Again, One Pro simply ignored lawful issued process and failed to cooperate in discovery.

National Union still have not been able to conduct depositions sought nearly a year ago. One Pro's clear contumacious conduct signals a willfulness and reckless disregard for judicial process and is sanctionable.

**B. Second Factor: Prejudice to Defendant**

One Pro's misconduct has prejudiced National Union. Prejudice is shown when the opposing party is not only "unable to secure the information requested, but . . . was also required to waste time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide." *See Harmon*, 110 F.3d at 368. One Pro has cost National Union

money, wasted its time, and prevented it from securing the information it needed – and was entitled to obtain – in defense of its claims.

### C. Third Factor: Prior Warning of Possible Dismissal

"[W]ith regard to this factor, the [Sixth Circuit] . . . explained that where a plaintiff has not been given notice that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'" *Harmon*, 110 F.3d at 367.

While the Court has not warned One Pro that its misconduct could lead to dismissal, One Pro has unquestionably engaged in bad faith and contumacious conduct. Additionally, there can be no argument that One Pro was put on notice that its claim could be dismissed through the Court's dismissal of Howell's claim for the same abuses. Defense counsel on several occasions notified One Pro that he would seek court intervention.

National Union has attempted depositions since last April. Even if One Pro was not warned that dismissal is a possibility, this factor is less relevant "where the conduct at issue is not merely contestable, but in contravention of basic notions of fairness..." *Fharmacy Records v. Nassar*, 248 F.R.D. 507, 530 (E.D. Mich. 2008). Thus, even if this factor does not weigh in favor of dismissal, it is not dispositive against dismissal. *See id*.

8

### D. Factor Four: Lesser Sanctions

The Court has considered less drastic sanctions but finds that no sanction less than dismissal would adequately punish One Pro's egregious misconduct and deliberate misrepresentations. The failure to impose less drastic sanctions before dismissal is not fatal. *Harmon*, 110 F.3d at 368 ("We have never held that a district court is without power to dismiss a complaint, as the first and only sanction....").

"The importance of accurate and truthful discovery to the civil justice system cannot be overstated." *Ndoye*, 2017 WL 822110, at *14 (citation omitted). One Pro's repeated failure to comply with Court orders and the Federal Rules of Civil Procedure has thwarted these proceedings and undermined the integrity of the judicial process. Given the seriousness of One Pro's misconduct, dismissal is appropriate and necessary. No sanction short of dismissal would adequately serve the goals of punishment and deterrence and adequately protect the integrity of the pretrial process. *See id.*; *Schafer*, 529 F.3d at 738.

### IV. CONCLUSION

The Court **GRANTS** National Union's motion to dismiss. One Pro's cause of action is **DISMISSED WITH PREJUDICE**.

**IT IS ORDERED**.

                                             s/ Victoria A. Roberts
                                             Victoria A. Roberts
                                             United States District Judge

Dated: March 9, 2021